# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | : | |
| MATTHEW COLPITTS, *individually and on behalf of all others similarly situated*, | : | Case No.: 1:20-cv-02487-JGK |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | ECF Case |
| BLUE DIAMOND GROWERS, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT BLUE DIAMOND GROWERS' MOTION TO DISMISS THE COMPLAINT

**DLA Piper LLP (US)**

Colleen Carey Gulliver
Negin Hadaghian
Rachael C. Kessler
1251 Avenue of the Americas
New York, New York 10020-1104
Phone: (212) 335-4500
Fax: (212) 335-4501
Email: colleen.gulliver@us.dlapiper.com
        negin.hadaghian@us.dlapiper.com
        rachael.kessler@us.dlapiper.com

Stefanie J. Fogel*
33 Arch Street, 26th Floor
Boston, Massachusetts 02110-1447
Phone: (617) 406-6053
Fax: (215) 606-3364
Email: stefanie.fogel@dlapiper.com

**pro hac vice* application to be filed

Date of Service: September 11, 2020

*Attorneys for Defendant*
*Blue Diamond Growers*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

FACTUAL BACKGROUND..................................................................................................2

      A.    The Almonds...................................................................................................2

      B.    Mr. Colpitts...................................................................................................3

STANDARD OF REVIEW ..................................................................................................3

ARGUMENT ..................................................................................................4

I.     Mr. Colpitts Cannot Enforce The FDCA. ..................................................................4

II.    BDG Did Not Make a Misstatement..................................................................5

III.   Mr. Colpitts Has Not Pled Injury..................................................................7

      A.    Mr. Colpitts Has Not Adequately Pled A Purchase...................................8

      B.    Mr. Colpitts Has Not Adequately Pled A Premium Price Injury............9

IV.   Mr. Colpitts Lacks Standing. ..................................................................11

      A.    Mr. Colpitts Has Not Pled a Concrete And Particularized Injury........11

      B.    Mr. Colpitts Fails To Allege Future Harm Necessary to Obtain Injunctive Relief...................................................................................................11

V.    Mr. Colpitts' Fraud and Negligent Misrepresentation Claims Fail. ................................12

      A.    Mr. Colpitts Did Not Comply with Rule 9(b)..........................................13

      B.    Mr. Colpitts' Fraud Claim Fails Because He Has Not Pled Fraudulent Intent. ..................................................................13

      C.    The Economic Loss Rule Bars Mr. Colpitts' Negligent Misrepresentation Claim..................................................................14

      D.    BDG Did Not Owe Mr. Colpitts a Duty of Care. ...............................15

VI.   The Breach of Express Warranty and Breach of Implied Warranty Claims Fail. ............15

      A.    Mr. Colpitts Did Not Plead Privity. ..................................................16

      B.    BDG Did Not Make Any Affirmation Regarding the Almonds...........16

      C.    Mr. Colpitts Fails to Sufficiently Allege That He Provided Pre-Suit Notice to BDG. ..................................................................17

      D.    The Almonds Were Fit for Human Consumption..............................19

VII.  The MMWA Claim Fails. ..................................................................19

      A.    Mr. Colpitts Has Not Pled a Cause of Action for Breach of Warranty Under State Law. ..................................................................19

B.    BDG Did Not Issue a Written Warranty Under the MMWA. ..............................20

VIII.    The Unjust Enrichment Claim Fails. ...............................................................................21

A.    BDG Was Not Unjustly Enriched. ........................................................................21

B.    The Unjust Enrichment Claim Is Merely Duplicative. .........................................22

CONCLUSION.................................................................................................................................23

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ......................................................................................................3, 10

*Avazpour Networking Servs., Inc. v. Falconstor Software, Inc.*,
    937 F. Supp. 2d 355 (E.D.N.Y. 2013) .........................................................................14

*Axon v. Fla's Nat. Growers, Inc.*,
    813 F. App'x 701 (2d. Cir. 2020) .................................................................................10

*Bautista v. CytoSport, Inc.*,
    223 F. Supp. 3d 182 (S.D.N.Y. 2016) .....................................................................15, 22

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) .........................................................................................................8

*Brumfield v. Trader Joe's Co.*,
    No. 17 Civ. 3239 (LGS), 2018 WL 4168956 (S.D.N.Y. Aug. 30, 2018) ..................5

*Cali v. Chrysler Grp. LLC*,
    No. 10 Civ. 7606 (SJR), 2011 WL 383952 (S.D.N.Y. Jan. 18, 2011) ....................20

*Chang v. Fage USA Dairy Indus., Inc.*,
    No. 14-CV-3826 (MKB), 2016 WL 5415678 (E.D.N.Y. Sept. 28, 2016) ..............12

*Cohen v. JP Morgan Chase & Co.*,
    498 F.3d 111 (2d Cir. 2007) ...........................................................................................5

*Colella v. Atkins Nutritionals, Inc.*,
    348 F. Supp. 3d 120 (E.D.N.Y. 2018) ............................................................... *passim*

*Conboy v. AT&T Corp.*,
    241 F.3d 242 (2d Cir. 2001) ...........................................................................................4

*Critcher v. L'Oreal USA Inc.*,
    No. 18-cv-5639 (JGK), 2019 WL 3066394 (S.D.N.Y. July 11, 2019),
    *aff'd*, 959 F.3d 31 (2d Cir. 2020) .............................................................................5, 6

*Dash v. Seagate Tech. (US) Holdings, Inc.*,
    No. CV 13-6329, 2015 WL 1537543 (E.D.N.Y. Apr. 1, 2015) ..............................14

*Davis v. Hain Celestial Grp., Inc.*,
    297 F. Supp. 3d 327 (E.D.N.Y. 2018) .......................................................................14

*Davis v. Yeroushalmi*,
    985 F. Supp. 2d 349 (E.D.N.Y. 2013) ...................................................................13

*Donahue v. Ferolito, Vultaggio & Sons*,
    13 A.D.3d 77 (1st Dep't 2004) ..............................................................16, 17, 19

*Dorce v. City of New York*,
    No. 19-CV-2216 (JGK), 2020 WL 2521320 (S.D.N.Y. May 17, 2020) ................................12

*Ebin v. Kangadis Food Inc.*,
    No. 13 Civ. 2311(JSR), 2013 WL 6504547 (S.D.N.Y. Dec. 11, 2013) ................................16

*F.D.I.C. v. Murex LLC*,
    No. 16 Civ. 7703 (PAE), 2018 WL 2694431 (S.D.N.Y. June 5, 2018)................................14

*Fero v. Excellus Health Plan, Inc.*,
    236 F. Supp. 3d 735 (W.D.N.Y. 2017) ...................................................................4

*Fink v. Time Warner Cable*,
    714 F.3d 739 (2d Cir. 2013).............................................................................5

*Fink v. Time Warner Cable*,
    837 F. Supp. 2d 279 (S.D.N.Y. 2011), *aff'd*, 714 F.3d 739 (2d Cir. 2013) ............................21

*In re Frito-Lay N. Am., Inc. All Nat. Litig.*,
    No. 12-MD-2413 (RRM), 2013 WL 4647512 ........................................................20

*Geffner v. Coca-Cola Co.*,
    928 F.3d 198 (2d Cir. 2019)..............................................................................6

*GlobeRunners Inc. v. Envtl. Packaging Techs. Holdings, Inc.*,
    No. 18-CV-4939 (JGK) (BCM), 2020 WL 1865536 (S.D.N.Y. Mar. 6, 2020) ....................22

*Izquierdo v. Mondelez Int'l, Inc.*,
    No. 16-CV-4697 (CM), 2016 WL 6459832 (S.D.N.Y. Oct. 26, 2016) .......................... *passim*

*Jessani v. Monini North America, Inc.*,
    744 F. App'x 18 (2d Cir. 2018) ........................................................................6

*Kilgore v. Ocwen Loan Servicing, LLC*,
    89 F. Supp. 3d 526 (E.D.N.Y. 2015) ...................................................................21

*Koenig v. Boulder Brands, Inc.*,
    995 F. Supp. 2d 274 (S.D.N.Y. 2014).................................................................16

*Kommer v. Bayer Consumer Health*,
    710 F. App'x 43 (2d Cir. 2018) .....................................................................11, 12

*Kraft v. Staten Island Boat Sales, Inc.*,
   715 F. Supp. 2d 464 (S.D.N.Y. 2010)...................................................................20

*Lewis Tree Serv., Inc. v. Lucent Techs., Inc.*,
   No. 99 CIV. 8556 JGK, 2000 WL 1277303 (S.D.N.Y. Sept. 8, 2000) ...................................13

*Mandarin Trading Ltd. v. Wildenstein*,
   16 N.Y.3d 173 (2011) ...................................................................15

*Marino v. Coach, Inc.*,
   264 F. Supp. 3d 558 (S.D.N.Y. 2017).....................................................................7

*Melendez v. ONE Brands LLC*,
   No. 18-CV-06650 (CBA) (SJB), 2020 WL 1283793 (E.D.N.Y. Mar. 16, 2020)............ *passim*

*Meserole v. Sony Corp. of Am., Inc.*,
   No. 08 Cv. 8987(RPP), 2009 WL 1403933 (S.D.N.Y. May 19, 2009) ...........................19, 20

*Mizrahi v. Taic*,
   266 A.D.2d 59 (1st Dep't 1999) .......................................................................7

*N.A. Olive Oil Ass'n v. Kangadis Food Inc.*,
   962 F. Supp. 2d 514 (S.D.N.Y. 2013).....................................................................7

*Nelson v. MillerCoors, LLC*,
   246 F. Supp. 3d 666 (E.D.N.Y. 2017) ........................................................... *passim*

*Oden v. Boston Sci. Corp.*,
   330 F. Supp. 3d 877 (E.D.N.Y. 2018) ...................................................................7

*Parks v. Ainsworth Pet Nutrition, LLC*,
   377 F. Supp. 3d 241 (S.D.N.Y. 2019).....................................................................7

*PDK Labs, Inc. v. Friedlander*,
   103 F.3d 1105 (2d Cir. 1997).....................................................................4

*Sarr v. BEF Foods, Inc.*,
   No. 18-cv-6409 (ARR) (RLM), 2020 WL 729883 (E.D.N.Y. Feb. 13, 2020)......................20

*Silva v. Smucker Natural Foods, Inc.*,
   No. 14-CV-6154 (JG)(RML), 2015 WL 5360022 (E.D.N.Y. Sept. 14, 2015)............17, 19, 22

*Singleton v. Fifth Generation, Inc.*,
   No. 5:15-CV-474, 2016 WL 406295 (N.D.N.Y. Jan. 12, 2016) ...........................................18

*Spokeo, Inc. v. Robins*,
   136 S. Ct. 1540 (2016).....................................................................11

*Steele v. Wegmans Food Mkts., Inc.*,
   No. 19 Civ. 9227 (LLS), 2020 WL 3975461 (S.D.N.Y. July 14, 2020)...............................4, 6

*Stoltz v. Fage Dairy Processing Indus.*,
   No. 14-CV-3826 (MKB), 2015 WL 5579872 (E.D.N.Y. Sept. 22, 2015)..............9, 13, 15, 22

*Verzani v. Costco Wholesale Corp.*,
   No. 09 Civ. 2117 (CM), 2010 WL 3911499 (S.D.N.Y. Sept. 28, 2010),
   *aff'd*, 432 F. App'x 29 (2d Cir. 2011).....................................................................................4

*Walsh v. Ford Motor Co.*,
   807 F.2d 1000 (D.C. Cir. 1986)...........................................................................................19

*Wick v. Wabash Holding Corp.*,
   801 F. Supp. 2d 93 (W.D.N.Y. 2011).....................................................................................16

*Woodhams v. Allstate Fire & Cas. Co.*,
   748 F. Supp. 2d 211 (S.D.N.Y. 2010), *aff'd*, 453 F. App'x 108 (2d Cir. 2012).....................13

**Statutes**

15 U.S.C. § 2301(6)(A)..............................................................................................................20

15 U.S.C. § 2302(a) ..................................................................................................................19

15 U.S.C. § 2308........................................................................................................................20

15 U.S.C. § 2310(d) ....................................................................................................................7

21 U.S.C. § 301 *et seq.*..............................................................................................................1

15 U.S.C. § 2301 *et seq.*.............................................................................................................1

New York Uniform Commercial Code § 2-725 ..........................................................................9

New York General Business Law § 349 .............................................................................1, 3, 5

New York General Business Law § 350.............................................................................1, 3, 5

**Other Authorities**

Fed. R. Civ. P. 9(b) .............................................................................................................2, 13

C.P.L.R. § 213(1)........................................................................................................................9

C.P.L.R. § 213(8)........................................................................................................................9

C.P.L.R. § 214(2)........................................................................................................................9

## PRELIMINARY STATEMENT

Blue Diamond Growers ("BDG") manufactures and sells many varieties of almonds, one of which it brands "Smokehouse" to describe its smoky taste (the "Almonds"). The plaintiff, Matthew Colpitts ("Mr. Colpitts"), alleges that on an unspecified date, he made an unspecified purchase of the Almonds, from an unspecified place, for an unspecified price. He claims he paid an unspecified premium for the Almonds compared to unidentified products based on his supposed belief that the Almonds could not have derived their smoky taste except by being cooked over a fire containing various wood chips – even though the label does not state that the Almonds are "smoked" – and he admits that the Almonds' ingredient declaration expressly disclosed that the Almonds in fact obtained their smoky taste from added "natural hickory smoke flavor" and other "natural flavors."

In his Complaint, Mr. Colpitts asserts seven claims: (1) violations of Sections 349 and 350 of the New York General Business Law ("GBL"); (2) fraud; (3) negligent misrepresentation; (4) breach of express warranty; (5) breach of implied warranty; (6) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* ("MMWA"); and (7) unjust enrichment.

The Complaint warrants dismissal for numerous independent reasons, including:

- Mr. Colpitts cannot enforce the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.* (*see* Section I);

- Mr. Colpitts' claims for violations of the GBL, fraud, and negligent misrepresentation fail because BDG did not make a misstatement as a matter of law (*see* Section II);

- All of his claims except for unjust enrichment fail because he has not adequately pled an injury (*see* Section III);

- Mr. Colpitts lacks standing because he fails to plead a concrete and particularized injury (*see* Section IV.A);

- Mr. Colpitts' request for injunctive relief must be denied because he alleges, at most, only past injury (*see* Section IV.B);

- The fraud and negligent misrepresentation claims fail because they are not pled with particularity as required under Federal R. Civ. P. 9(b) (*see* Section V.A);

- The fraud claim also fails because Mr. Colpitts did not plead fraudulent intent (*see* Section V.B);

- The negligent misrepresentation claim also fails because: (1) it is barred by the economic loss doctrine; and (2) BDG did not owe Mr. Colpitts a duty (*see* Sections V.C, V.D);

- The breach of express and implied warranty claims fail because Mr. Colpitts failed to plead privity with BDG (*see* Section VI.A);

- The breach of express warranty claim also fails because: (1) BDG did not promise that the Almonds derive their smoky flavor from being cooked over a fire; and (2) Mr. Colpitts does not sufficiently allege that he provided pre-suit notice to BDG (*see* Sections VI.B, VI.C);

- The breach of implied warranty claim also fails because the Almonds were fit for human consumption (*see* Section VI.D);

- The MMWA claim fails because: (1) Mr. Colpitts did not plead a cause of action for breach of warranty under state law; and (2) BDG did not issue a written warranty (*see* Sections VII.A, VII.B);

- The unjust enrichment claim fails for two independent reasons: (1) Mr. Colpitts has not pled that BDG was unjustly enriched; and (2) this claim is merely duplicative of his other causes of action (*see* Section VIII).

Accordingly, this Court should grant BDG's motion to dismiss the Complaint in its entirety and with prejudice.

## FACTUAL BACKGROUND

**A.    The Almonds.**

BDG is a California almond grower cooperative that manufactures and sells many varieties of almonds.   (Compl. ¶¶ 1, 33).   One such variety is the Almonds, which BDG brands "Smokehouse" to describe their smoky taste.   (*Id.* ¶ 4).   The ingredient declaration on the back of the package explicitly discloses that the Almonds derive their smoky taste from "natural hickory smoke flavor" and other "natural flavors."   (*Id.* ¶ 15).

B.    **Mr. Colpitts**

Mr. Colpitts claims that on some unspecified date, he bought a non-specific quantity of the Almonds somewhere in New York state for an unspecified price.  (Compl. ¶ 34).  He claims that he purchased the Almonds based upon a belief that the Almonds were "smoked" because they were named "Smokehouse" Almonds and had red and red-orange packaging.  (*Id.* ¶ 4).  Although Mr. Colpitts claims he paid a "premium price" for the Almonds, he does not actually identify the amount he paid for the Almonds nor any comparable products or the prices thereof for his price premium injury.  (*Id.* ¶¶ 20-21, 24).

Mr. Colpitts filed the Complaint on March 22, 2020 and asserted seven claims: violations of GBL §§ 349 & 350, fraud, negligent misrepresentation, breach of express warranty, breach of implied warranty, violation of the MMWA, and unjust enrichment.  (Dkt. No. 1).  BDG filed a letter on August 14, 2020 requesting a pre-motion conference to file a motion to dismiss the Complaint.  (Dkt. No. 8).  On August 17, 2020 the Court ordered BDG to do so by September 11, 2020.  (Dkt. No. 9).

## <u>STANDARD OF REVIEW</u>

In deciding Rule 12(b)(6) motions to dismiss, courts apply a "plausibility standard," which is guided by "[t]wo working principles."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  First, although the Court must accept a complaint's well-pled allegations as true, this "tenet" is "inapplicable to legal conclusions"; thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Second, only complaints that state a "plausible claim for relief" may survive a motion to dismiss.  *Id.* at 679.

**ARGUMENT**

## I.    Mr. Colpitts Cannot Enforce The FDCA.

Mr. Colpitts argues repeatedly that the Almonds do not comply with his interpretation of FDA regulations promulgated under the FDCA. (*See* Compl. ¶ 4 (asserting the Almonds' "label makes direct representations that the Product's primary recognizable flavor is due to being smoked" and citing the FDCA); *id.* ¶ 13 (citing the FDCA for the proposition that "Foods labeled 'strawberry shortcake,' 'Smokehouse almonds,' or 'apple pie' are expected by consumers to get their flavor from strawberries, actual smoking and apples.'"); *see also id.* ¶ 8 (citing the FDCA)). As an individual, however, Mr. Colpitts cannot "privately enforce alleged violations of the FDCA" because "no such private right of action exists." *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1113 (2d Cir. 1997) (affirming dismissal of claims that labeling of weight loss products was misleading); *see also Steele v. Wegmans Food Mkts., Inc.*, No. 19 Civ. 9227 (LLS), 2020 WL 3975461, at *1-2 (S.D.N.Y. July 14, 2020) (plaintiffs' reliance on FDA regulations was "without consequence" because the issue was "not conformity with this or that standard . . . but whether the marketing presentation was deceptive").

In addition, because "[t]he FDCA lacks a private right of action . . . [the plaintiff] cannot rely on it for purposes of asserting a state-law consumer claim under" the GBL. *Verzani v. Costco Wholesale Corp.*, No. 09 Civ. 2117 (CM), 2010 WL 3911499, at *3 (S.D.N.Y. Sept. 28, 2010), *aff'd*, 432 F. App'x 29 (2d Cir. 2011) (denying as futile request to amend complaint to assert GBL claim based on an alleged violation of the FDCA); *see also Conboy v. AT&T Corp.*, 241 F.3d 242, 258 (2d Cir. 2001) (finding a plaintiff cannot "thwart legislative intent by couching" a statutory violation without a private right of action as a GBL claim); *Fero v. Excellus Health Plan, Inc.*, 236 F. Supp. 3d 735, 777-78 (W.D.N.Y. 2017) (dismissing GBL claim resting on statutes without private rights of action).

4

Accordingly, Mr. Colpitts' claims for violations of GBL §§ 349 and 350, which are based on a purported violation of the FDCA, should be dismissed.

## II.    BDG Did Not Make a Misstatement.

Mr. Colpitts' GBL, fraud, and negligent misrepresentation claims all assert that the Almonds' "Smokehouse" name and red-colored packaging misled him into believing the Almonds derive their flavor from being cooked over a fire that contained various kinds of wood chips. (Compl. ¶¶ 5, 47, 52, 59, 67).  To state each of these claims, however, he must demonstrate that BDG's conduct was "misleading in a material way."  *Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 673-74 (E.D.N.Y. 2017) (citation and internal quotation marks omitted); *see Brumfield v. Trader Joe's Co.*, No. 17 Civ. 3239 (LGS), 2018 WL 4168956, at *5 (S.D.N.Y. Aug. 30, 2018) (under New York law, "a claim for negligent misrepresentation or fraud must plead facts sufficient to show that a defendant made a 'false representation.'") (citation omitted).[1]

This is an objective test and cannot be satisfied by a plaintiff's subjective point of view. *See Cohen v. JP Morgan Chase & Co.*, 498 F.3d 111, 126 (2d Cir. 2007) (noting the adoption of an "*objective* definition of 'misleading'" by the New York Court of Appeals) (emphasis added). "To determine whether a practice is materially deceptive or misleading, courts analyze whether the practice would be misleading to 'a reasonable consumer acting reasonably under the circumstances.'" *Critcher v. L'Oreal USA Inc.*, No. 18-cv-5639 (JGK), 2019 WL 3066394, at *4 (S.D.N.Y. July 11, 2019) (Koeltl, J.), *aff'd*, 959 F.3d 31 (2d Cir. 2020) (dismissing complaint) (citation omitted); *see also Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013)

---

[1] As this discussion demonstrates, many of Mr. Colpitts' claims require him to prove similar elements (for example, injury or a misrepresentation).  To avoid repetition, BDG discusses the deficiencies in various elements across the causes of action.

(affirming dismissal of complaint).  The plaintiff "must plausibly allege 'that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'"  *Jessani v. Monini North America, Inc*., 744 F. App'x 18, 19 (2d Cir. 2018) (summary order) (citation omitted).  "[I]t is 'well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer.'"  *Id.* (quoting *Fink*, 714 F.3d at 741); *see also Critcher*, 2019 WL 3066394, at *4 ("[W]here the pleading does not plausibly allege that a reasonable consumer would be deceived," a court may "resolve the issue at the motion-to-dismiss stage") (citation and internal quotation marks omitted); *Geffner v. Coca-Cola Co.*, 928 F.3d 198, 200-01 (2d Cir. 2019) (affirming dismissal of GBL claim because the product label did not mislead as a matter of law).

Here, no reasonable consumer seeing a red package labeled "Smokehouse" would conclude that the Almonds necessarily derive their taste from having been smoked over a hardwood fire in an outbuilding constructed for that specific purpose.  Rather, the reasonable consumer would simply conclude that the package contained exactly what one receives – almonds with a smoky taste.  *See, e.g.*, *Wegmans*, 2020 WL 3975461 at *2-3 (dismissing claim; "What is misrepresented? The ice cream is vanilla flavored."); *Critcher*, 2019 WL 3066394, at *5 (finding reasonable consumers are aware of "common knowledge" and dismissing complaint).  And, any reasonable consumer could easily look at the ingredients list – "where 'consumers are trained to look' for such information" – and see that, as Mr. Colpitts admits, the Almonds disclose that they derive their flavor from "natural hickory smoke flavor" and other "natural flavors."  (*Compare* Compl. ¶ 15 *with Melendez v. ONE Brands LLC*, No. 18-CV-06650 (CBA) (SJB), 2020 WL 1283793, at *6-7 (E.D.N.Y. Mar. 16, 2020) (dismissing complaint) (citation omitted)).

Nor would a reasonable consumer have detailed knowledge of the FDA's labeling regulations and necessarily interpret them as Mr. Colpitts has here. *N.A. Olive Oil Ass'n v. Kangadis Food Inc.*, 962 F. Supp. 2d 514, 519-21 (S.D.N.Y. 2013) (plaintiffs have not demonstrated "the perceptions of ordinary consumers align with [the] labeling standards . . . "). Because no reasonable consumer would be misled by the Almonds' packaging, Mr. Colpitts' GBL, fraud, and negligent misrepresentation claims must be dismissed.

**III.    <u>Mr. Colpitts Has Not Pled Injury.</u>**

Even if the Almonds' labeling was misleading (which it is not), all of the claims Mr. Colpitts asserts, other than unjust enrichment, must be dismissed because he has not adequately pled that he was injured. Under the GBL, a plaintiff must allege an "injury as [a] result of the deceptive act." *Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120, 142 (E.D.N.Y. 2018) (citation omitted). "To sufficiently plead injury, a plaintiff must allege that, 'on account of a materially misleading practice, [he] purchased a product and did not receive the full value of h[is] purchase.'" *Id.* at 143 (quoting *Izquierdo v. Mondelez Int'l, Inc.*, No. 16-CV-4697 (CM), 2016 WL 6459832, at *7 (S.D.N.Y. Oct. 26, 2016)). Injury is also a requirement for plaintiff's fraud, negligent misrepresentation, breach of warranty, and MMWA claims. *See, e.g.*, *Mizrahi v. Taic*, 266 A.D.2d 59, 59-60 (1st Dep't 1999) ("[A]ctual damages are an essential aspect of a negligence claim under New York law."); *Marino v. Coach, Inc.*, 264 F. Supp. 3d 558, 572 (S.D.N.Y. 2017) (dismissing fraud claim); *Oden v. Boston Sci. Corp.*, 330 F. Supp. 3d 877, 895-96 (E.D.N.Y. 2018), *adhered to on reconsideration*, No. 18-CV-0334, 2019 WL 1118052 (E.D.N.Y. Mar. 11, 2019) (dismissing implied warranty claim); *Parks v. Ainsworth Pet Nutrition, LLC*, 377 F. Supp. 3d 241, 248 (S.D.N.Y. 2019) (express breach of warranty claim requires plaintiff to allege "detriment"); 15 U.S.C. § 2310(d) (damages requirement for MMWA claim).

Mr. Colpitts has not done so here.  Specifically, as detailed below, he has not adequately pled his purported purchase nor his purported premium price injury.

### A.        Mr. Colpitts Has Not Adequately Pled A Purchase.

Mr. Colpitts has not alleged an injury because his purchase allegation is entirely conclusory.  For example, in *Colella*, the plaintiff brought a putative class action against a food manufacturer asserting, among others, GBL violations.  348 F. Supp. 3d at 128.  The court held that the GBL claims failed because the plaintiff failed to adequately allege an injury among other reasons.  The court explained, "Plaintiff provide[d] limited detail regarding the purchases of the three . . . products that form[ed] the basis of the complaint.  He fail[ed] to allege with specificity where he purchased the products, when he purchased the products, or what he paid for the products."  *Id.* at 142.

So too here.  Mr. Colpitts alleges only that "[d]uring the relevant statutes of limitations [he] purchased the Product . . . within his district and/or State."  (Compl. ¶ 34).  He does not state when he purportedly purchased the Almonds, from what retailer he purportedly made his purchase, how much he purportedly paid for the Almonds, or how many times he purportedly purchased the Almonds.  Such a conclusory allegation of a purchase is inadequate to meet Mr. Colpitts' pleading requirements to show that he suffered an injury.

His allegation is so unspecific that it does not even permit BDG to determine whether it has a statute of limitations defense that it could raise to any of the claims.  As Mr. Colpitts has only asserted that he made a purchase "[d]uring the relevant statutes of limitations" (Compl. ¶ 34), BDG is unable to properly assess its defenses.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (the pleading must be alleged with sufficient specificity to provide the defendant with "fair notice" of the claims and "the grounds upon which [they] rest") (citation and internal quotation marks omitted).  The claims asserted by Mr. Colpitts have statutes of limitations that

vary from as short as three years to as long as six years under New York law.  *See* N.Y. C.P.L.R. § 214(2) (three years for GBL claims); C.P.L.R. § 213(8) (six years for fraud and negligent misrepresentation); C.P.L.R. § 213(1) (six years for unjust enrichment); N.Y. U.C.C. § 2-725 (four years for breach of warranty).

### B.    Mr. Colpitts Has Not Adequately Pled A Premium Price Injury.

Mr. Colpitts also fails to allege facts to support his entirely conclusory allegation that he suffered a "premium price" injury.  "A well pleaded allegation that a plaintiff paid a premium may be sufficient to allege injury."  *Colella*, 348 F. Supp. 3d at 143.  However, "[s]imply … recit[ing] the word 'premium' multiple times in [the] Complaint does not make Plaintiffs' injury any more cognizable."  *Izquierdo*, 2016 WL 6459832 at *7.  He must set forth allegations supported by facts, such as identifying the competitors and how the Almond's price was inflated compared thereto. *Id.*[2]

---

[2] Although the Court in *Stoltz v. Fage Dairy Processing Indus.* held that the plaintiff had "sufficient[ly]" alleged a premium price injury, No. 14-CV-3826 (MKB), 2015 WL 5579872, at *23 (E.D.N.Y. Sept. 22, 2015), the plaintiff's allegations were particularized, containing *specific facts* about specific competitor's prices, which are entirely absent here.  *Compare Stoltz* Am. Compl. (attached to the Declaration of Colleen Carey Gulliver as "Exhibit A"), at ¶ 58 (providing tables of prices of defendant's product as compared to two different comparable competitors) *with* Compl. ¶ 24 (only stating "the Product is sold at a premium price, approximately no less than $2.79 per 1.5 OZ, excluding tax, compared to other similar products represented in a non-misleading way.").

In *Colella*, the plaintiff "only conclusorily assert[ed] that [defendant] charge[d] a premium for its products and provide[d] no facts regarding what the premium was, what price he paid for the products, or the price of non-premium products." 348 F. Supp. 3d at 143. The court held that this was insufficient to establish a premium price injury under the GBL. *Id.* In *Izquierdo*, the Court dismissed the GBL claim, which asserted that the defendant had deceptively marketed a candy. The court held that a plaintiff must "'allege that, on account of a materially misleading practice, she purchased a product and did not receive the full value of her purchase.'" 2016 WL 6459832, at *7 (quoting *Orlander v. Staples, Inc.*, 802 F.3d 289, 302 (2d Cir. 2015)). To do so, a plaintiff must demonstrate "that they paid a *higher* price for the [product] than they otherwise would have, absent deceptive acts." *Id.* The plaintiff there had only alleged a premium price by comparing the price of the candy with other non-comparable types of candy. *Id.* The Court held that the "[p]laintiffs[ ] have impermissibly set up the deception as both act and injury, a theory specifically disallowed by our courts." *Id.*[3]

The same conclusion follows here. Mr. Colpitts asserts in an entirely conclusory manner that BGD "sold the [Product] at a premium price, approximately no less than $2.79 per 1.5 OZ,

---

[3] The Second Circuit, in a summary order entered on May 29, 2020, determined that a plaintiff sufficiently pled a premium price injury without identifying the identities or prices of competitor products. *Axon v. Fla's Nat. Growers, Inc.*, 813 F. App'x 701, 704 (2d. Cir. 2020). This decision should not apply here because: (1) the holding conflicts with Supreme Court precedent by permitting a plaintiff to plead a GBL claim simply by relying on a "[t]hreadbare recital" of the phrase "premium price," which as a "mere conclusory statement[], do[es] not suffice," *Iqbal*, 556 U.S. at 678; and (2) as it is summary order, it does not have precedential effect.

excluding tax, compared to other similar products represented in a non-misleading way." (Compl. ¶ 24). As in *Izquierdo* and *Colella* (and unlike *Stoltz*), Mr. Colpitts does not allege or identify: (a) the specific price he paid; (b) competitors' products for the price premium; or (c) how those products are purportedly comparable to the Almonds.

Mr. Colpitts has failed sufficiently to allege injury and his claims must be dismissed.

## IV.    Mr. Colpitts Lacks Standing.

### A.    Mr. Colpitts Has Not Pled a Concrete And Particularized Injury.

As set forth above, Mr. Colpitts has not adequately alleged a price premium injury and therefore cannot assert an injury. "The 'irreducible constitutional minimum' of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560). Because Mr. Colpitts cannot demonstrate a "concrete and particularized" injury, he does not have standing to assert claims relating to his purported purchase of the Almonds. *See supra*, Section III.B.

### B.    Mr. Colpitts Fails To Allege Future Harm Necessary to Obtain Injunctive Relief.

Mr. Colpitts does not have standing to seek injunctive relief because he has no risk of future harm. "Past injuries . . do not confer standing to seek injunctive relief unless the plaintiff can demonstrate that [ ]he is likely to be harmed again in the future in a similar way." *Kommer v. Bayer Consumer Health,* 710 F. App'x 43, 44 (2d Cir. 2018) (summary order) (quoting *Nicosia v.*

*Amazon.com, Inc.*, 834 F.3d 220, 238 (2d Cir. 2016)).  "[T]he requirement that a plaintiff allege a risk of future injury in order to obtain injunctive relief is a constitutional requirement that all plaintiffs must satisfy."  *Chang v. Fage USA Dairy Indus., Inc.*, No. 14-CV-3826 (MKB), 2016 WL 5415678, at *5 (E.D.N.Y. Sept. 28, 2016); *see also Dorce v. City of New York*, No. 19-CV-2216 (JGK), 2020 WL 2521320, at *8 (S.D.N.Y. May 17, 2020) (Koeltl, J.) ("'In establishing a certainly impending future injury, a plaintiff cannot rely solely on past injuries; rather, the plaintiff must establish how he or she will be injured prospectively and that the injury would be prevented by the equitable relief sought.'") (quoting *Marcavage v. City of New York*, 689 F.3d 98, 103 (2d Cir. 2012)).

In *Kommer,* a plaintiff brought suit against the defendant due to purported deceptive marketing of custom orthotics.  710 F. App'x at 43.  The Second Circuit affirmed the district court's dismissal of injunctive relief because the plaintiff had not shown that he was "'likely to be subjected to further injurious sales' of that sort because he 'fail[ed] to allege that he intend[ed] to purchase the offending product in the future.'" *Id.* (quoting *Nicosia*, 834 F.3d at 238).

So too here.  Mr. Colpitts simply asserts a past purchase and seeks injunctive relief because he alleges that the practice is continuing.  (*See* Compl. ¶¶ 34, 42).  Therefore, he does not have standing to seek injunctive relief.

## V.    Mr. Colpitts' Fraud and Negligent Misrepresentation Claims Fail.

As discussed above, Mr. Colpitts' fraud and negligent misrepresentation claims fail because there was no misrepresentation and he has not adequately alleged any cognizable injury. As explained below, these claims also fail because (A) they are not pled with particularity. Moreover, Mr. Colpitts' fraud claim also fails because (B) he did not plead fraudulent intent. Finally, his negligent misrepresentation claim also fails because (C) it is barred by the economic loss rule and (D) BDG did not owe him a duty.

### A.    Mr. Colpitts Did Not Comply with Rule 9(b).

Rule 9(b)'s heightened pleading standard requires pleadings to "state with particularity" the "circumstances constituting" the alleged fraud.  Fed R. Civ. P. 9(b); *Lewis Tree Serv., Inc. v. Lucent Techs., Inc.*, No. 99 CIV. 8556 JGK, 2000 WL 1277303, at *4 (S.D.N.Y. Sept. 8, 2000) (Koeltl, J.) (dismissing fraud claim).  This standard also applies to negligent misrepresentation claims.  *Stoltz*, 2015 WL 5579872, at *24 ("Negligent misrepresentation claims are subject to the heightened pleading standard under Rule 9(b).").  The rule requires the plaintiff to: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."  *Nelson*, 246 F. Supp. 3d at 672 (quoting *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993)); *see also Woodhams v. Allstate Fire & Cas. Co.*, 748 F. Supp. 2d 211, 222-23 (S.D.N.Y. 2010) (Koeltl, J.), *aff'd*, 453 F. App'x 108 (2d Cir. 2012) (dismissing fraud claim); *see also Izquierdo*, 2016 WL 6459832, at *9 (dismissing fraud claim where the complaint provided only bare details about the plaintiff's exposure to the alleged misrepresentations).

Here, Mr. Colpitts' allegations fall far short of this mark because he does not state where and when he purportedly was exposed to the Almonds' label.  Instead, he states in an entirely conclusory fashion that, "[d]uring the relevant statutes of limitation, plaintiff purchased the Product within his district and/or State for personal consumption and/or use in reliance on the representations . . . ."  (Compl. ¶ 34).  These deficiencies require dismissal of these claims.

### B.    Mr. Colpitts' Fraud Claim Fails Because He Has Not Pled Fraudulent Intent.

To prevail on his fraud claim, Mr. Colpitts is also required to allege sufficient facts that would "give rise to a *strong* inference of fraudulent intent."  *Davis v. Yeroushalmi*, 985 F. Supp. 2d 349, 359 (E.D.N.Y. 2013) (emphasis in original) (citation omitted).  "The requisite strong inference of fraud may be established either (a) by alleging facts to show that defendants had both

motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Dash v. Seagate Tech. (US) Holdings, Inc.*, No. CV 13-6329, 2015 WL 1537543, at *2 (E.D.N.Y. Apr. 1, 2015) (citation and internal quotation marks omitted). "The simple knowledge that a statement is false is not sufficient to establish fraudulent intent." *Davis v. Hain Celestial Grp., Inc.*, 297 F. Supp. 3d 327, 337 (E.D.N.Y. 2018).

Mr. Colpitts has not pled fraudulent intent. Quite the contrary, he asserts only that "Defendant's fraudulent intent is evinced by its failure to accurately identify the Product on the front label, when it knew its statements were neither true nor accurate." (Compl. ¶ 68). These allegations are insufficient and require dismissal of the fraud claim.

### C. The Economic Loss Rule Bars Mr. Colpitts' Negligent Misrepresentation Claim.

Mr. Colpitts' negligent misrepresentation claim also fails because it is barred by the economic loss rule, which "'applies to claims for negligent misrepresentation.'" *F.D.I.C. v. Murex LLC*, No. 16 Civ 7703 (PAE), 2018 WL 2694431, at *8 (S.D.N.Y. June 5, 2018) (dismissing negligent misrepresentation claim) (citation omitted). A negligence claim alleging purely economic injury fails unless there is an independent duty to protect a plaintiff from purely economic losses. *See, e.g.*, *Avazpour Networking Servs., Inc. v. Falconstor Software, Inc.*, 937 F. Supp. 2d 355, 364 (E.D.N.Y. 2013) (dismissing tort claims).

Here, Mr. Colpitts alleges purely economic losses through a purported premium price injury, not personal injuries. (*See* Compl. ¶¶ 22, 24). Accordingly, the economic loss doctrine bars his negligent misrepresentation claim.

14

### D.      BDG Did Not Owe Mr. Colpitts a Duty of Care.

Mr. Colpitts' negligent misrepresentation claim also fails because BDG did not owe him "a duty of care due to a special relationship." *Nelson*, 246 F. Supp. 3d at 677 (citation and internal quotation marks omitted).  "In the commercial context, a closer degree of trust between the parties than that of the ordinary buyer and seller is required to establish the 'existence of . . . a special relationship.'"  *Stoltz*, 2015 WL 5579872, at *24 (citation omitted).

For example, in *Stoltz*, the plaintiffs asserted that the defendant owed a duty to them "on the basis of Defendants' unique expertise as the manufacturer of the Total 0% Products."  *Id.* at *25.  The Court disagreed.  "[I]f this alone were sufficient, a special relationship would necessarily always exist for purposes of misbranded food claims, which is not the case."  *Id.* at *25-26 (citation omitted) (dismissing claim); *see also Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 181 (2011) (dismissing claim and holding that "expertise alone cannot create a special relationship where otherwise the relationship between the parties is too attenuated").

The same result follows here.  Mr. Colpitts claims that BDG owed him a duty because it holds "itself out as having special knowledge and experience in the production, service and/or sale of the product or service type."  (Compl. ¶ 54).  This does not create a duty.  *See, e.g.*, *Bautista v. CytoSport, Inc.*, 223 F. Supp. 3d 182, 193 (S.D.N.Y. 2016) (dismissing negligent misrepresentation claim against protein powder manufacturer due to lack of a special relationship).

The fraud and negligent misrepresentation claims must be dismissed.

## VI.    The Breach of Express Warranty and Breach of Implied Warranty Claims Fail.

As discussed above, Mr. Colpitts' warranty claims fail because he has not alleged injury.  In addition, these claims also fail because (A) he did not allege privity.  Moreover, his express warranty claim also fails because (B) BDG did not make an affirmation that the Almonds were

smoked and (C) he did not sufficiently allege that pre-suit notice was provided to BDG.  Finally, the implied warranty claim fails because (D) the Almonds were merchantable.

### A.    Mr. Colpitts Did Not Plead Privity.

Mr. Colpitts does not allege the required privity under New York law for either his express warranty or implied warranty claim.  "'[P]rivity is normally an essential element of a cause of action for express warranty.'"  *Ebin v. Kangadis Food Inc.*, No. 13 Civ. 2311(JSR), 2013 WL 6504547, at *6 (S.D.N.Y. Dec. 11, 2013) (citation omitted).  The same holds true for a claim of breach of implied warranty.  *Wick v. Wabash Holding Corp.*, 801 F. Supp. 2d 93, 108 (W.D.N.Y. 2011) (privity required for implied warranty claim "except to recover for personal injuries").

For example, in *Ebin*, the Court dismissed the plaintiff's express and implied warranty claims brought under New York law because the plaintiff failed to establish any facts to support privity with the food manufacturer.  2013 WL 6504547, at *6; *see also Donahue v. Ferolito, Vultaggio & Sons*, 13 A.D.3d 77, 78 (1st Dep't 2004) (dismissing implied warranty claim because "plaintiffs did not plead any privity of contract with defendants, nor did they demonstrate any personal injuries. . . ."); *Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 290 (S.D.N.Y. 2014) (dismissing breach of warranty claim because plaintiffs failed to allege privity with defendants); *Melendez*, 2020 WL 1283793, at *8 (same).

Likewise, here, Mr. Colpitts has not alleged any facts whatsoever that he and BDG had privity nor could he because he does not allege where he purchased the Almonds.  (Compl. ¶ 34). Thus, these claims must be dismissed.

### B.    BDG Did Not Make Any Affirmation Regarding the Almonds.

Mr. Colpitts' breach of express warranty claim also fails because he does not allege any "affirmation of fact or promise" relating to the Almonds that was false.  *See Nelson*, 246 F. Supp. 3d at 678-79 (citation omitted).  "Under Section 2-313(1) of the New York Uniform Commercial

16

Code, a seller creates an express warranty by making 'any affirmation of fact or promise . . . to the buyer which relates to the goods and becomes part of the basis of the bargain.'" *Silva v. Smucker Natural Foods, Inc.*, No. 14-CV-6154 (JG)(RML), 2015 WL 5360022, at \*10 (E.D.N.Y. Sept. 14, 2015). "Generalized statements by the defendant, however, do not support an express warranty claim if they are 'such that a reasonable consumer would not interpret the statement as a factual claim upon which he or she could rely.'" *Id.* (quoting *Hubbard v. Gen. Motors Corp.*, No. 95-CV-4362, 1996 WL 274018, at \*6 (S.D.N.Y. May 22, 1996)).

Here, Mr. Colpitts apparently premises his breach of express warranty claim on his allegation that the Almonds were marketed and warranted to him and class members as having been smoked. (Compl. ¶ 59.) Nowhere on the label, however, does BDG make any representations that the Almonds necessarily derive their flavor from having been smoked; BDG does, however, expressly disclose where the Almonds derive their flavor. *See supra*, Section II. Therefore, his breach of express warranty claim must fail. *See, e.g.*, *Nelson*, 246 F. Supp. 3d at 678-79 (dismissing express warranty claim because although the images, slogan, and website created sufficient affirmations of fact about the product, the label explicitly identified where the beer product was brewed); *Donahue*, 13 A.D.3d at 79 (dismissing express warranty claim because the label did not make any affirmation of fact or promise that the beverage products provided "any health benefits whatsoever").

### C.    Mr. Colpitts Fails to Sufficiently Allege That He Provided Pre-Suit Notice to BDG.

Mr. Colpitts' breach of express warranty claim also fails because he does not sufficiently allege that he provided pre-suit notice to BDG, nor does he allege a physical injury to warrant a

potential exception to the notice requirement.[4]  "To successfully state a claim for breach of warranty, 'a buyer must provide the seller with timely notice of an alleged breach of warranty.'" *Colella*, 348 F. Supp. 3d at 143 (quoting *Singleton v. Fifth Generation, Inc.*, No. 5:15-CV-474, 2016 WL 406295, at *12 (N.D.N.Y. Jan. 12, 2016)).

Mr. Colpitts asserts that he satisfied the notice requirement through BDG's purported receipt of unspecified customer complaints or because he "provided or will provide notice to defendant." (Compl. ¶¶ 62-63).  He is mistaken.  First, Mr. Colpitts' conclusory allegation that he "provided or will provide" notice is insufficient as a matter of law.  Second, the Complaint lacks any allegation that any consumer complained that they thought the Almonds were smoked and demanded reimbursement.  Even if Mr. Colpitts had pled such allegations, they still would not satisfy notice.  *Singleton*, 2016 WL 406295, at *12.  In *Singleton*, the plaintiff argued that even though he had not provided notice, the defendant was on notice because of "similar suits."  *Id.*  The Court disagreed: "the fact that Defendant may have been aware of similar claims . . . did not put Defendant on notice of Plaintiff's particular claims."  *Id.*

So too here.  At bottom, Mr. Colpitts has not alleged facts that he provided notice of the alleged breach to BDG, let alone a timely one, and for this additional reason his express warranty claim fails.

---

[4] "[S]ome New York cases permit an exception to the notice requirement in retail sales . . . where a party alleges physical . . . injury."  *Melendez*, 2020 WL 1283793 at *7 (citation omitted).  But Mr. Colpitts makes no such allegation here.  (Compl. ¶¶ 58-65).

**D.    The Almonds Were Fit for Human Consumption.**

Mr. Colpitts' breach of implied warranty claim must also be dismissed because the Almonds were merchantable.  "Under the UCC, as adopted in New York, if a seller is a merchant, there is an implied contract that the goods will be of merchantable quality."  *Silva*, 2015 WL 5360022, at *11.  The law recognizes that a "warranty does not mean that the product will fulfill a buyer's every expectation but simply provides for a minimum level of quality."  *Id.* (citation and internal quotation marks omitted).  In the context of food, a product is merchantable *unless* it causes "ill effects" or is not fit for human consumption.  *Donahue*, 13 A.D.3d at 79 (dismissing implied warranty claim regarding beverages because they "caused no ill effects and were fit for their intended purposes, namely, liquid refreshment"); *see also Silva*, 2015 WL 5360022, at *11 (dismissing implied warranty claim because beverage was not alleged to be unfit for human consumption).

Although Mr. Colpitts alleges in an entirely conclusory fashion that the Almonds "were not merchantable," he does not allege that the Almonds made him sick or were not fit for human consumption.  (*See* Compl. ¶ 64).  Therefore, his warranty claims must be dismissed.

**VII.    <u>The MMWA Claim Fails.</u>**

**A.    Mr. Colpitts Has Not Pled a Cause of Action for Breach of Warranty Under State Law.**

To state a violation of the MMWA, Mr. Colpitts must adequately plead "a state law violation of either an express or implied warranty."  *Meserole v. Sony Corp. of Am., Inc.*, No. 08 CV 8987 (RPP), 2009 WL 1403933, at *10 (S.D.N.Y. May 19, 2009).  The MMWA was enacted "to improve the adequacy of information available to consumers, prevent deception, and improve competition in the marketing of consumer products."  15 U.S.C. § 2302(a).  It was not intended to create additional federal law.  *See Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1012 (D.C. Cir. 1986);

*accord Meserole*, 2009 WL 1403933, at *10; *see also Cali v. Chrysler Grp. LLC*, No. 10 Civ. 7606 (SJR), 2011 WL 383952, at *4 (S.D.N.Y. Jan. 18, 2011) (dismissing claim; "[C]laims under the Magnuson-Moss Act stand or fall with the express and implied warranty claims under state law . . . .") (citation omitted)).  As stated above, Mr. Colpitts has not adequately pled a cause of action for breach of warranty under New York law, so his MMWA claim fails.  (*See supra*, Section VI).

**B.    BDG Did Not Issue a Written Warranty Under the MMWA.**

Mr. Colpitts' MMWA claim also fails because BDG did not provide a written warranty that the Almonds' "material or workmanship [would be] defect free."  *See* 15 U.S.C. § 2301(6)(A). The MMWA provides a "regulating rule" for written warranties, which states that if a seller issues a written warranty, as defined, the seller may not disclaim any implied warranties.  15 U.S.C. § 2308; *see also Kraft v. Staten Island Boat Sales, Inc*., 715 F. Supp. 2d 464, 474 (S.D.N.Y. 2010) (dismissing claim).  A "written warranty," however, is only an "affirmation of fact or written promise," which "relates to the nature of the material or workmanship and affirms or promises that such material or workmanship is defect free . . . ."  15 U.S.C. § 2301(6)(A).  Mr. Colpitts has not alleged that BDG provided a written warranty promising that the product "[wa]s defect free or w[ould] meet a specified level of performance," nor could he, because BDG did not.  *Sarr v. BEF Foods, Inc.*, No. 18-cv-6409 (ARR) (RLM), 2020 WL 729883, at *8-9 (E.D.N.Y. Feb. 13, 2020) (dismissing claim).  Instead, his claims are premised on a mere description of the Almonds as "smokehouse" flavored, which does not create a written warranty under the MMWA.  *See In re Frito-Lay N. Am., Inc. All Nat. Litig.*, No. 12-MD-2413 (RRM), 2013 WL 4647512, at *17 (E.D.N.Y. Aug. 29, 2013) (dismissing claim; "All Natural" claim on product label did not constitute a written warranty under the MMWA because it did "not warrant a product free from

defect" and was "at most, [a] product description[]") (citations omitted). Therefore, Mr. Colpitts has failed to plead a violation of the MMWA and the claim must be dismissed.

## VIII.    <u>The Unjust Enrichment Claim Fails.</u>

### A.    BDG Was Not Unjustly Enriched.

Mr. Colpitts' unjust enrichment claim fails because he has not pled that BDG was unjustly enriched. "'To prevail on a claim for unjust enrichment in New York, a plaintiff must establish (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution.'" *Kilgore v. Ocwen Loan Servicing, LLC*, 89 F. Supp. 3d 526, 537 (E.D.N.Y. 2015) (quoting *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 586 (2d Cir. 2006)). New York courts have held that equitable relief in the form of a defendant returning the purchase price paid for a product is not warranted if that product was purchased and used as intended. *See, e.g.*, *Fink v. Time Warner Cable*, 837 F. Supp. 2d 279 (S.D.N.Y. 2011), *aff'd*, 714 F.3d 739 (2d Cir. 2013). In *Fink*, the district court dismissed the unjust enrichment claim because "allegations [of high-speed internet service] are insufficient to state plausibly a claim that Defendant's allegedly deceptive advertisements make it unjust for Defendant to retain Plaintiffs' internet subscription fees." 837 F. Supp. 2d at 286. The Second Circuit affirmed. Similarly, in *Melendez*, the Court dismissed a plaintiff's unjust enrichment claim against a food manufacturer because "other than the conclusory assertion that [defendant] obtained 'benefits and monies,' . . . [plaintiff] neither explain[ed] how nor to what extent [defendant] benefited at [plaintiff's] expense. Nor is it clear why 'equity and good conscience' would require restitution. . . ." 2020 WL 1283793, at *8.

So too here. Mr. Colpitts' allegations are the same as the plaintiff in *Melendez*. He merely claims that BDG "obtained benefits and monies." (Compl. ¶ 71). But Mr. Colpitts presumably

received and used the Almonds as intended, so he has not alleged that BDG benefited at his expense or that equity and good conscience require the return of his payment.

**B.      The Unjust Enrichment Claim Is Merely Duplicative.**

Mr. Colpitts' unjust enrichment claim also must be dismissed for the independent reason that it is duplicative.  An unjust enrichment claim must be dismissed where the plaintiff "fail[s] to explain how the . . . claim is not merely duplicative of [the] other causes of action."  *Bautista*, 223 F. Supp. 3d at 194 (citation  and internal quotation marks omitted); *see also Nelson*, 246 F. Supp. 3d at 679 (dismissing unjust enrichment claim asserted in a consumer class action as duplicative of the other claims because it "relie[d] on the same facts as [plaintiff's] other causes of action in tort"); *Silva*, 2015 WL 5360022, at *12 (dismissing unjust enrichment claim as duplicative); *Stoltz,* 2015 WL 5579872, at *27 (same); *Melendez*, 2020 WL 1283793, at *8 (same); *GlobeRunners Inc. v. Envtl. Packaging Techs. Holdings, Inc.*, No. 18-CV-4939 (JGK) (BCM), 2020 WL 1865536, at *3 (S.D.N.Y. Mar. 6, 2020), *report and recommendation adopted*, No. 18CV4939 (JGK), 2020 WL 1862565 (S.D.N.Y. Apr. 14, 2020) (Koeltl, J.) (same).

Here, as in *Nelson, Silva*, *Stoltz, Melendez* and *GlobeRunners*, Mr. Colpitts' unjust enrichment claim is entirely duplicative.  Indeed, he regurgitates his prior allegations by incorporating all preceding paragraphs and adds one cursory statement that BDG allegedly obtained some "benefits and monies."  (*See* Compl. ¶ 71).  Therefore, his unjust enrichment claim must be dismissed.

## <u>CONCLUSION</u>

BDG respectfully requests that this Court dismiss Mr. Colpitts' Complaint in its entirety and with prejudice.


Dated: September 11, 2020                    **DLA Piper LLP (US)**

                                             */s/ Colleen Carey Gulliver*
                                             Colleen Carey Gulliver
                                             Negin Hadaghian
                                             Rachael C. Kessler
                                             1251 Avenue of the Americas
                                             New York, New York 10020-1104
                                             Phone: (212) 335-4500
                                             Fax: (212) 335-4501
                                             Email:  colleen.gulliver@us.dlapiper.com
                                                     negin.hadaghian@us.dlapiper.com
                                                     rachael.kessler@us.dlapiper.com

                                             Stefanie J. Fogel*
                                             33 Arch Street, 26th Floor
                                             Boston, Massachusetts 02110-1447
                                             Phone: (617) 406-6053
                                             Fax: (215) 606-3364
                                             Email: stefanie.fogel@us.dlapiper.com

                                             * *pro hac vice* application to be filed

## **CERTIFICATE OF COMPLIANCE**

I certify that the foregoing brief complies with Section 2.D. of the Individual Practices of the Honorable John G. Koeltl regarding memoranda of law in civil cases.  This brief has been prepared using 12-point Times New Roman font and contains 6,898 words, excluding the cover page, tables, signature blocks, and certificates.


Dated: September 11, 2020                    */s/ Colleen Carey Gulliver*
                                            Colleen Carey Gulliver