UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                :
MATTHEW COLPITTS, *individually and on behalf of all*  :
*other similarly situated*,                                :
                                                :
                       Plaintiff,        :          20-CV-2487 (JPC)
                                                :
         -v-                           :          <u>ORDER</u>
                                                 :
BLUE DIAMOND GROWERS,                     :
                                                :
                     Defendant.       :
                                                :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

The Court directs the parties to be prepared to discuss the following topics at the oral argument on Defendant Blue Diamond Growers' motion to dismiss, scheduled for February 18, 2021, at 1:00 p.m.:

(1) In connection with Plaintiff's standing to seek prospective injunctive relief, whether the Court can consider his assertion that "he is unable to rely on the Product's labels in the future, which causes him to avoid purchasing the Product even though he would like to," given that this contention was not alleged in the Complaint and was raised for the first time in Plaintiff's opposition brief, *see* Dkt 14 at 14;

(2) Whether the Complaint adequately pleaded a purchase for purposes of both Federal Rule of Civil Procedure 8 and Rule 9(b), including whether a plaintiff must plead a purchase with sufficient detail to permit a defendant to assess any statute of limitations defense;

(3) Whether the Complain adequately pleaded a premium price theory, without alleging any prices for comparable products of competitors;

(4) In assessing the "reasonable consumer" standard under N.Y. G.B.L. §§ 349 and 350, any relevance of the Product's inclusion of a trademark symbol following the word "Smokehouse";

(5) The significance of the dictionary definition of "Smokehouse" as a noun that describes a physical location, as opposed to an adjective that could describe a taste;

(6) Whether Plaintiff has waived his responses to Defendant's arguments for dismissal as to the fraud, negligent misrepresentation, breach of expressed warranty, MMWA, and unjust enrichment claims that are set forth on Pages 1-2 of Defendant's reply brief, Dkt. 17;

(7) Whether the economic loss rule applies to Plaintiff's negligent misrepresentation claim;

(8) Whether the privity requirement for New York breach of warranty claims is applicable to product mislabeling actions, *see Brady v. Anker Innovations LTD.*, No. 18 Civ. 11396 (NSR), 2020 WL 158760, at *10 (S.D.N.Y. Jan. 13, 2020); *Ebin v. Kangadis Food Inc.*, No. 13 Civ. 2311 (JSR), 2013 WL 6504547, at *6 (S.D.N.Y. Dec. 11, 2013);

(9) Whether the Product is not "capable of passing without inspection in the trade under the contract description" as required under N.Y. U.C.C. § 2-314(2)(a) for a breach of implied warranty claim, *see Silva v. Smucker Natural Foods, Inc.*, No. 14 Civ. 6154 (JG) (RML), 2015 WL5360022, at *11 (E.D.N.Y. 2015); *Campbell v. Whole Foods Market Grp. Inc.*, No. 20 Civ. 1291 (GHW), 2021 WL 355405, at *13 n.15 (S.D.N.Y. Feb. 2, 2021); and

(10) Whether to state a claim under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §2310(d)(1), the Product's label must constitute a written warranty and, if so, how the Product satisfies the MMWA's definition of "written warranty" as an affirmation or promise that the product "will meet a specified level performance *over a specified period of time*," 15 U.S.C. § 2301(6)(a) (emphasis added).

SO ORDERED.

Dated: February 8, 2021
New York, New York

JOHN P. CRONAN
United States District Judge