

**DLA Piper LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
www.dlapiper.com

Colleen Carey Gulliver
Colleen.Gulliver@us.dlapiper.com
**T**   212.335.4737
**F**   917.778.8037

December 17, 2021

**BY ECF AND E-MAIL**
The Honorable John P. Cronan
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1320
New York, New York 10007
cronannysdchambers@nysd.uscourts.gov

Re:   *Colpitts v. Blue Diamond Growers*, Case No. 1:20-cv-02487 (S.D.N.Y.)

Dear Judge Cronan:

We represent defendant Blue Diamond Growers ("BDG") in the above-referenced matter. We write consistent with Local Rule 37.2 and Sections 3(B) and 5(C) of Your Honor's Individual Rules and Practices in Civil Cases (the "Individual Rules") to request (1) a discovery conference and order compelling the plaintiff to produce documents responsive to BDG's discovery requests that were identified during the plaintiff's December 6, 2021 deposition, and (2) a short extension of the fact discovery deadline to permit resolution of this dispute and a continued deposition of the named plaintiff, if necessary, after production of the information sought.

To date, the plaintiff has not produced a single document in response to BDG's fifty-two document requests. BDG previously questioned how it was possible that plaintiff could not be in possession of any responsive documents. (Ex. 1, BDG's Discovery Dispute Letter at 5.) BDG then deposed the plaintiff on December 6th and his testimony demonstrated that: (1) he had spoliated relevant evidence; and (2) he had failed to produce responsive documents. After the deposition, BDG sought production of the requested information, but the plaintiff again refused. (Ex. 2, BDG's Supplemental Discovery Letter; Ex. 3, Plaintiff's Letter Response.) Specifically, the plaintiff should be compelled to produce: (1) the e-mail confirmation he received after he responded to a Facebook advertisement soliciting a named plaintiff for this litigation; (2) his electronic calendar, which the plaintiff testified contained the dates he met with his counsel; and (3) the preservation instructions he received from his counsel as discussed below.

*Spoliation*. The plaintiff testified that he purchased the Smokehouse Almonds after he filed his complaint against BDG. (Ex. 4, December 6, 2021 Colpitts Deposition Transcript ("Colpitts Tr.") 75:25-76:3.) He further testified that he did not keep the receipt for that purchase, stating that he "just never keep receipts." (*Id.*) He further admitted that he had received notification of his obligation to preserve documents. (*Id.* at 76:9-77:5.) In light of this spoliation, BDG seeks production of the document preservation instructions purportedly given to the plaintiff by his counsel. *See, e.g., Bagley v. Yale University*, 318 F.R.D. 234 (D. Conn. 2016) (granting a motion to compel production of litigation hold notices and document preservation instructions).



The Honorable John P. Cronan
December 17, 2021
Page Two

Such an order from the Court is warranted because: (1) the plaintiff admitted he knew the evidence was relevant because his counsel instructed him to "locate and keep receipts" (Ex. 4, Colpitts Tr. 76:17-18) and the plaintiff was aware of his "obligation to preserve and maintain material for this lawsuit" (*id.* at 76:9-13);[1] (2) the plaintiff negligently discarded the receipts notwithstanding his obligation to preserve them; and (3) the destroyed evidence is highly relevant to BDG's defenses because he alleges "[h]ad [he] . . . known the truth, [he] would not have bought the [Smokehouse Almonds] or would have paid less for it."  Compl. ¶ 22; *see* Fed. R. Civ. P. 26(b)(1) (a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case").  Thus, BDG respectfully requests that the plaintiff produce his preservation instructions.

***Decision to Sue Blue Diamond***.  The plaintiff testified that he learned about this lawsuit and the opportunity to be a named plaintiff by seeing an advertisement on Facebook.  He then filled out a form and received an email confirmation of his web submission. (Ex. 4, Colpitts Tr. 35:24-37:17.)  Yet, the plaintiff (who conducted his own search for responsive documents) did not look for, or produce, the email even though it is responsive to two of BDG's document requests (Nos. 23 and 28), which expressly requested "all documents and communications concerning Your role as a class representative in this action, or otherwise concerning Your decision to commence litigation against BDG." (*See* Ex. 5, Plaintiff's Responses to BDG's RFPs at 9-10.)  Instead, the plaintiff falsely stated in his response to BDG's requests "[n]o documents or communications exist concerning Plaintiff's decision to partake in this litigation." (*See id*. at No. 28.)

After the deposition, BDG requested that the document be produced, the plaintiff refused and, for the first time, he raised a relevance objection.  (Ex. 3, Plaintiff's Letter Response to BDG at 7.)  Of course, since plaintiff did not originally raise such an objection in his responses, that objection has been waived.  *See Labarbera v. Absolute Trucking, Inc*., 2009 WL 2496463, at *1 (E.D.N.Y. Aug. 12, 2009) ("It is well established that by failing to respond or object to a discovery request in a timely manner, a party waives any objection which may have been available").  In any event, the advertisement to which the named plaintiff became aware of the lawsuit and responded is obviously relevant and should be produced.  *See, e.g*., *In re: General Motors LLC Ignition Switch Litigation*, 2018 WL 611759, at *2 (S.D.N.Y. Jan. 29, 2018) (ordering production of communications between putative class members and third-party class action advertising company); *In re: 3M Combat Arms Earplugs Products Liability Litigation*, 2021 WL 952315, at *7 (N.D. Fla. Mar. 12, 2021) (ordering production of communications responding to online advertisements in search of plaintiffs).

***Meetings with Counsel***.  During his deposition, the plaintiff testified that he keeps a calendar, which will indicate the dates he had meetings with his counsel. (Ex. 4, Colpitts Tr. 77:14-78:22.)  Yet, he did not produce that document even though it too is responsive to BDG's RFP

---

[1] In the letter sent by plaintiff's counsel to BDG regarding this dispute, the plaintiff argues that he was under no obligation to preserve evidence "that never existed," citing to *Farella v. City of N.Y*., 2007 WL 193867, at *2 (S.D.N.Y. Jan. 25, 2007).  But, here, unlike *Farella*, the receipts obviously existed, and plaintiff admitted that he "just never keep receipts." (Ex. 4, Colpitts Tr. 76:5.)



The Honorable John P. Cronan  
December 17, 2021  
Page Three

Nos. 23 and 28. (*See* Ex. 5, Plaintiff's Responses to BDG's RFPs at 9-10.) Rather, he again erroneously stated that "[n]o documents and communications exist" and "[n]o documents or communications exist concerning Plaintiff's decision to partake in this litigation." (*See id*. at Nos. 23 and 28.) The plaintiff's calendar, beginning on or shortly before the time the plaintiff began communicating with his counsel, is relevant since it helps demonstrate: (i) how many purchases the plaintiff made of the Smokehouse Almonds after first meeting with counsel regarding this lawsuit; (ii) when the plaintiff first became involved in this litigation; and (iii) the order of events regarding his alleged discovery that the Smokehouse Almonds were not actually smoked. *See, e.g.*, *McMullen v. Reserves Network, Inc.*, 2013 WL 395501, at *2 (N.D. Ohio Jan. 31, 2013) (ordering production of the plaintiff's personal calendar "in full" despite attorney-client privilege objection).

***Extension of Time for Fact Discovery***. BDG requests a brief extension of the fact discovery deadline from December 17, 2021 to allow time for resolution of this dispute, the production of the information sought, and to allow BDG to continue its deposition of the plaintiff following such production, if necessary. The plaintiff does not consent to this request. No other deadline set by the Court should be affected by a short extension.

For the reasons above, therefore, BDG respectfully requests a discovery conference and order compelling the plaintiff to produce the documents referenced. BDG also requests a short extension of fact discovery to allow for the production of the material sought and to allow BDG to continue its deposition of the plaintiff following such production, if necessary.

Sincerely,

/s/ *Colleen Carey Gulliver*
Colleen Carey Gulliver

cc: All counsel of record (by ECF)

---

Given the parties' submissions, a discovery conference is not necessary. Defendant's request to compel production is granted. Plaintiff shall produce (1) the email confirmation of his web submission in response to the Facebook advertisement and (2) his calendar reflecting entries of dates he met with his counsel. If Plaintiff's counsel did not provide written preservation instructions, Plaintiff's counsel shall produce to Defendant's counsel an affidavit describing the preservation instructions that were orally transmitted to Plaintiff. Fact discovery is extended until January 10, 2022.

SO ORDERED.

Date: December 27, 2021
New York, New York

JOHN P. CRONAN
United States District Judge