

DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
www.dlapiper.com

Colleen Carey Gulliver
Colleen.Gulliver@us.dlapiper.com
T   212.335.4737
F   917.778.8037

January 10, 2022

**BY ECF AND E-MAIL**
The Honorable John P. Cronan
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1320
New York, New York 10007
cronannysdchambers@nysd.uscourts.gov

**Re:**   *Colpitts v. Blue Diamond Growers*, **Case No. 1:20-cv-02487 (S.D.N.Y.)**

Dear Judge Cronan:

We represent defendant Blue Diamond Growers ("BDG") in the above-referenced matter. We write consistent with Local Rule 37.2 and Sections 3(B) and 5(C) of Your Honor's Individual Rules and Practices in Civil Cases to request further relief from the Court as a result of plaintiff Matthew Colpitts' failure to comply with the Court's December 27, 2021 Order (Dkt. No. 58) granting BDG's Letter Motion to Compel (Dkt. No. 55).

The Court ordered Mr. Colpitts to, among other things, produce "an affidavit describing the preservation instructions that were orally transmitted to Plaintiff" by his counsel. (Dkt. No. 58). The Court also extended the fact discovery deadline to January 10, 2022 to allow time for a continued deposition of the named plaintiff following production of the affidavit and the other items ordered to be produced. (*Id*.). The plaintiff's affidavit is deficient and the plaintiff has refused to appear for a continued deposition, as outlined below.

*Affidavit*.  The affidavit provided by plaintiff's counsel states only that he, at some unknown time, "orally transmitted preservation instructions . . . to not discard from his possession relevant material to this litigation, including any old receipts he had not thrown away." (Ex. 1 at ¶ 2). The affidavit fails to state even the most basic facts regarding the instruction, including: (1) the date the oral instruction was given to Mr. Colpitts; (2) how plaintiff's counsel defined the scope of "relevant material to this litigation," aside from "any old receipts he had not thrown away," for Mr. Colpitts; and (3) what categories of documents and information Mr. Colpitts was instructed to preserve.

BDG repeatedly requested that plaintiff's counsel correct these deficiencies. (Ex. 2). Plaintiff's counsel has not done so, instead taking the position that Mr. Colpitts is only required to preserve receipts even though the scope of relevancy in a consumer class action far exceeds receipts and BDG's document requests sought numerous types of information beyond receipts. (*Compare* Ex. 2, *with* Dkt. No. 55 at Ex. 5). Plaintiff's baseless position is demonstrated by his



The Honorable John P. Cronan
January 10, 2022
Page Two

own production of emails and calendar records responsive to BDG's document requests (*see* Dkt. No. 58) only after being ordered by the Court in response to BDG's first motion to compel.

BDG respectfully requests that the Court issue an order directing plaintiff's counsel to provide a revised affidavit[1] providing, at minimum: (1) the date when he gave the oral preservation instruction to the plaintiff; (2) whether he informed the plaintiff that he should retain any other information beyond receipts; and (3) what sources of information he was obligated to preserve.

***Deposition of the Plaintiff***.  During his December 6, 2021 deposition, the plaintiff testified that he had not properly preserved or searched for documents responsive to BDG's discovery requests.  (*See generally* Dkt. No. 55).  And, BDG expressly reserved its right to continue the deposition following further production.  (Ex. 3 at 82:13-19).  Thus, in its first motion to compel, BDG sought a "short extension of the fact discovery deadline to permit . . . a continued deposition of the named plaintiff, if necessary, after production of the information sought."  (Dkt. No. 55).  Accordingly, after the Court granted BDG's Motion to Compel and extended the discovery deadline, BDG requested that plaintiff's counsel provide plaintiff's availability for a continued deposition.  (Ex. 4).  In response, plaintiff's counsel repeatedly declined to provide plaintiff's availability and claimed that the Court did not explicitly order such relief and demanded that BDG provide "authority" in order for the plaintiff to appear.  (*Id.*).

BDG explained that it sought a continuation of the deposition in conjunction with its request for the production of documents and extension of the discovery deadline, that the Court granted BDG's motion to compel in full, and again sought the plaintiff's availability for a continued deposition before the new fact discovery deadline.  (*Id.*).  The plaintiff ignored repeated requests to expressly respond to BDG's request for a continued deposition until BDG stated that it planned to request relief from the Court, at which point plaintiff's counsel again requested the "basis" for the continued deposition.  (*See id.*).  BDG respectfully requests that the Court issue an order directing the plaintiff to appear for a continued deposition following his satisfactory production of the documents described above.

***Further Brief Extension of Time for Fact Discovery***.  As a result of the plaintiff's repeated failure to comply with the Court's Order, BDG requests a further brief extenson of the fact discovery deadline (currently today) to allow time for resolution of this dispute, the satisfactory production of the information sought, and to allow BDG to continue its deposition of the plaintiff following such production.  The plaintiff does not consent to this request.  No other deadline set by the Court should be affected by a short extension.

***Sanctions***.  When a party fails to comply with an order compelling the production of documents, the Court "may issue further just orders."  Fed. R. Civ. P. 37(b)(2)(a)(i), (iii), (v).  "'Where, as here, the nature of the alleged breach of a discovery obligation is the non-production

---

[1] Following repeated requests, plaintiff's counsel provided certain additional information regarding the preservation instruction (*see* Ex. 2), but he has not provided it in a sworn affidavit as required by the Court's Order.  (*See* Dkt. No. 58).

DLA PIPER

of evidence,' Rule 37(b) affords a court 'broad discretion in fashioning an appropriate sanction.'" *Chevron Corp. v. Donziger*, 296 F.R.D. 168, 208 (S.D.N.Y. 2013) (imposing sanctions for failure to comply with order on motion to compel) (quoting *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002)). The Court also "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees." Fed. R. Civ. P. 37(b)(2)(C). In accordance with Rule 37,[2] BDG respectfully requests an order awarding BDG its costs, including attorneys' fees, in having to make this second motion to compel discovery previously ordered by the Court.

For the reasons above, therefore, BDG respectfully requests a discovery conference and order compelling the plaintiff to produce a compliant affidavit and to appear for a continued deposition. BDG also requests a short extension of fact discovery to allow for such production and the deposition.

Sincerely,

*/s/ Colleen Carey Gulliver*
Colleen Carey Gulliver

cc: All counsel of record (by ECF)

The request is denied without prejudice for failure to comply with the Court's Individual Rule 5(c), directing parties to "confer in good faith with the opposing party, *in person or by telephone*, in an effort to resolve the dispute." From the submissions, it appears that discussions between the parties were ongoing at the time of filing, Exh. 2 at 1, and that the discussions occurred exclusively over email, Exh. 5 at 1. The parties are directed to file a joint status letter describing the parties' positions with regard to any remaining dispute, and any extension of discovery, by January 13, 2022. Fact discovery is extended to that date *nunc pro tunc*.

SO ORDERED.
Date: January 11, 2022
New York, New York

JOHN P. CRONAN
United States District Judge

[2] Just today, plaintiff's counsel asserted that BDG had failed to meet and confer properly on plaintiff's failure to comply with the Order on BDG's motion to compel. (*See* Ex. 5). Yet, BDG has exchanged no fewer than 23 emails with plaintiff's counsel since December 27, 2021 requesting that plaintiff's counsel correct various failures to comply with the Court's Order. Due to today's fact discovery deadline, BDG must move to further compel compliance with the Order, which BDG repeatedly explained to plaintiff's counsel would be necessary.